UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANYALL DEVICCIO MYLES                                                              PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:17-cv-25-DPJ-FKB

BILLIE SOLLIE                                                                       DEFENDANT

ORDER DENYING CLASS ACTION REQUEST

This cause is before the Court, *sua sponte*, for consideration of Plaintiff Danyall Deviccio Myles's request to "form a class action lawsuit." Compl. [1] at 8. Plaintiff's Complaint [1] has a list of signatures of 23 other inmates housed at Lauderdale County Jail in B-Tower who wish to pursue a Complaint against Billie Sollie, Sheriff of Lauderdale County, Mississippi, and Lauderdale County, Mississippi.[1] *Id*. at 8–9. Myles states that "[t]his statement and list of signatures hereby states that all prisoners listed in this petition stand by and confirm that the complaints listed in this formal written petition are true and were either witnesse[s] and/or experienced personally . . . the conditions listed during their incarceration." *Id*. at 8.

Having considered the Complaint, the Court finds that Myles's attempt to institute a class action should be denied but that he may continue to seek relief in his individual capacity. Additionally, the Court finds that the claims of the 23 other inmates who signed the Complaint will not be added as Plaintiffs in this civil action.

I.      Class Action

> [T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion.

---

[1]Even though there are additional signatures attached to the Complaint, the style of the case indicates that Danyall Deviccio Myles is the only Plaintiff and that Billie Sollie is the only Defendant. Compl. [1] at 1–2.

*Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). To obtain class certification under Federal Rule of Civil Procedure 23(a), the plaintiffs must satisfy the following requirements:

> (1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class').

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (quoting Fed. R. Civ. P. 23(a)). Additionally, Plaintiff must show that the action is maintainable pursuant to Rule 23(b)(1), (2) or (3). *Id.* at 614.

Even though Myles asserts that there are questions of law common to all, he has not demonstrated that the remaining requirements for class certification are met. Therefore, the denial of class certification is appropriate. *See Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 n.4 (5th Cir. 2001) (citations omitted) (stating that a party seeking certification bears the burden of proof to establish that all four requirements of Rule 23(a) are satisfied). Having reviewed the Complaint, the Court finds that it does not present allegations and arguments to meet the requirements of Rule 23(a). As a result, this civil action may proceed but will not be treated as a class action.

II. Separate Complaints

Additionally, the Court must consider, *sua sponte*, whether Myles and the 23 other inmates should be required to proceed in separate civil actions. The enactment of the Prison Litigation Reform Act of 1995 ("PLRA") militates against multi-plaintiff prisoner complaints. For example, prisoner plaintiffs proceeding *in forma pauperis* ("IFP") are required to pay the full

amount of the filing fee and costs. 28 U.S.C. §§ 1915(b)(1) and (f)(2)(A) (2012). Prisoner plaintiffs who have, on three or more prior occasions, brought frivolous or malicious complaints or complaints which failed to state a claim may not proceed IFP. *Id.* § 1915(g). Additionally, multi-prisoner-plaintiff complaints present a variety of administrative, logistical problems not associated with other civil actions. *See Beaird v. Lappin*, No. 3:06-cv-967, 2006 WL 2051034, *3 (N.D. Tex. July 24, 2006) (noting impracticalities to include possible transfers of some plaintiffs, security, the need for each plaintiff to sign his own pleading and represent himself, the possibility of changes to documents during circulation among the plaintiffs, the possibility of coercion by other prisoners, and issues raised by the inmates' desire to meet within the prison to discuss joint litigation).

Moreover, "like all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of [his] personal rights." *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986). Commingling the various claims of multiple plaintiffs makes it difficult for courts to discern how the alleged constitutional violations affected each plaintiff. Meritorious claims may be obscured by the frivolous.

Bearing in mind these concerns and the objectives of judicial economy and efficiency, the Court finds it appropriate to require that the other 23 inmates who signed the Complaint file a separate, individual civil action pursuant to 42 U.S.C. § 1983, including paying the filing fee of $400.00 or filing a motion to proceed *in forma pauperis*. Accordingly, it is ORDERED:

1. That Plaintiff Myles's request in his Complaint [1] seeking certification of a class action pursuant to Federal Rule of Civil Procedure 23 is denied.

2. That the other 23 inmates who signed the Complaint will not be added as Plaintiffs in this civil action.

3. That if any one of the other 23 inmates wishes to pursue a civil action pursuant to 42 U.S.C. § 1983 concerning the conditions of confinement at the Lauderdale County Jail, that individual may contact the Clerk's Office, 501 E. Court Street, Suite 2.500, Jackson, Mississippi, 39207 and request the form used to file a civil action pursuant to 42 U.S.C. § 1983. Each inmate filing an individual civil action pursuant to 42 U.S.C. § 1983 will be required to pay the filing fee of $400.00 or file a motion to proceed *in forma pauperis*.

**SO ORDERED AND ADJUDGED** this the 11th day of April, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE